HARVEY LITTLE, plaintiff in error, *vs.* RICHARD H. CAR-
MICHAEL, defendant in error.

1. Where a motion is made for a continuance, which is denied by the Court, and afterwards the witness comes into Court, and testifies in the case, the refusal to continue is no ground for a new trial.
2. The damages, in this case, are not excessive.
3. Where a verdict is for a less sum than the plaintiff was entitled to under the facts of the case, the defendant has no legal ground to complain of it.

Trespass *vi et armis*, in Coweta Superior Court. Tried before Judge HAMMOND, at the September Term, 1860.

This action was brought by Carmichael against Little, to recover damages for an assault and battery, committed by defendant on the person of the plaintiff.

The jury that tried the case rendered a verdict in favor of the plaintiff for four hundred dollars damages, and defendant moved for a new trial on several grounds, the substance of which is stated in the opinion of the Court, one being the refusal of the Court to continue the case when asked by defendant, another being the refusal of the Court to charge the jury as set out in the opinion of the Court, another being the refusal of the Court to dismiss the appeal, and another being that the damages are excessive, and another that the verdict was against the evidence in the case.

The presiding judge refused the new trial, and that refusal is the error complained of.

The facts are very fully stated in the opinion of the Court, to which the Reporter begs leave to refer.

JOHN W. POWELL, for plaintiff in error.

BUCHANAN & WRIGHT, for defendant in error.

Little vs. Carmichael.

By the Court.—LUMPKIN, J., delivering the opinion.

There are two preliminary questions in this case; one as to the sufficiency of the showing for a continuance, the other as to the appeal. Without considering the grounds for a continuance, it is enough to know that the witness, on account of whose absence the cause was sought to be continued, came in afterwards, and after the Court denied the motion, and was sworn—and, by the way, the case was continued on account of the absence of this witness at the preceding term.

As to the appeal, the facts assumed do not exist. It purports to be what the record shows it is—an appeal from a confession of judgment.

What are the facts of this assault and battery? Little came into Carmichael's shop and attempted to saw some hounds for a wagon with a saw that was too fine for that purpose—the piece of timber fell from the bench—the plaintiff kindly picked it up, and remarked to the defendant that the saw was too fine, and pointed him to one hanging up in the shop, which he advised him to use—the piece of timber fell off again, when the defendant angrily swore that he would saw it with that saw. Plaintiff, who was a good natured drinking man, quizzingly remarked : "You had better saw my head off," and stooped down to pick up the piece of timber a second time, and raising up, the defendant struck him with the saw, cutting the bone of his nose through, between his eyes, so that he breathed through the wound instead of his nostrils; cut off a portion of his lower eyelid, and split his cheek to the bone. The plaintiff bled profusely. The defendant coming to the shop door, remarked that he had done what he threatened to do.

The Court charged the jury, that if they believed, from the testimony, that Carmichael's stooping down to pick up the piece of timber for Little, was calculated to excite the fears of a reasonable man, that he intended to inflict on Little a serious personal injury, Little had a right to strike the defendant, or to do anything necessary to prevent the plaintiff from striking him, viz: to cut off his nose, eyelid, and

split his cheek to the bone—means very appropriate to self-defence.

It is well that the verdict was for the plaintiff, as this charge would have insured a reversal.

There was not a scintilla of proof, nor the pretence of any, that Carmichael's purpose or intention was hostile to Little. There was no evidence, therefore, to justify such a charge, and yet it was given at the request of defendant's counsel.

The Court charged the jury, at the request of defendant's counsel, that the plaintiff could not recover for any suffering brought on himself by his own intemperance or imprudence. I am willing to let this pass, while I am not prepared to indorse it. Suppose I am given to excessive eating or drinking, and a ruffian, without the slightest provocation on my part, inflicts divers grievous wounds upon me, which are aggravated by my habits or the state of my system, can he plead this in mitigation of his diabolical conduct? I should think not.

The defendant's counsel requested the Court to charge, that if the circumstances were such, and the position of the parties showed that it was accidental that the defendant struck with the edge of the saw, and that he had no intention of inflicting a serious injury, that that was a fact in mitigation of damages, and that if they believed this to be true, the defendant was not liable any further than for carelessness in striking the blow.

This, the Court very properly refused to charge. What testimony shows that the defendant did not intend to strike with the edge of the saw? None. The defendant's counsel has imagined a theory of defense for his client, and he seeks to avail himself of it in the absence of all evidence to support it. But suppose the facts to be as suggested ; that the defendant designed using the side of the saw, and that the plaintiff, by rising suddenly, received the blow on his face, instead of the back of his head, does this lessen his sufferings? Is not the injury the same? Because the plaintiff, not aware of the defendant's hostile demonstrations, rose too

suddenly with the piece of timber to replace it upon the bench for him, as he had done once before, and thus received the blow upon his face instead of his head, is the demon who assaulted him to be excused under the plea of carelessness?

It is complained in the motion for a new trial, that the verdict is against evidence, and so we think. It ought to have been doubled, and then it would not have been excessive. Deducting every item claimed by the defendant, and it leaves the verdict much too small to compensate for the injury, the wound, the disfiguration, the maiming.

A more bold and aggravated case, of the indulgence of angry passions, of lawless violence on the person of a peaceable and unoffending man, has never been before this Court, or one that calls more loudly for the vindicatory power of the law.

Let the judgment be affirmed.